PEOPLE ex rel. SCHULZ et al. v. BOARD OF CONTRACT & APPORTIONMENT OF CITY OF ALBANY.

(Supreme Court, Appellate Division, Third Department. March 8, 1899.)

1. MUNICIPAL CORPORATIONS—PUBLIC IMPROVEMENTS—OBJECTIONS.

Where objections to the award of a contract for a sewer were filed before the board of contract and apportionment, on the ground that the ordinance authorizing the construction of the sewer was irregularly passed, but no proof of such irregularities was offered, the action of the board in proceeding as though the ordinance was valid was not error.

**2. SAME—REMONSTRANCES—REPORT OF COMMITTEE.**

When a remonstrance against the passage of an ordinance authorizing a public improvement was referred to the committee on streets, and at a subsequent meeting of the council the ordinance was passed on motion of a member of such committee, all the other members of the committee voting for it, the failure of the committee to make a formal report on such remonstrance does not render the ordinance invalid.

**3. SAME.**

Where a remonstrance against the passage of an ordinance was referred to a committee, and at a subsequent meeting of the council such ordinance was passed on motion of a member of the committee without a formal report, such proceeding does not violate Albany Charter, tit. 3, § 8, which forbids any committee to report any decision upon the same day upon which it is made, where there was nothing to show that the decision was made on the day of the meeting at which the ordinance was passed.

**4. SAME—CERTIORARI—QUESTIONS CONSIDERED.**

On review of the action of the board of control and apportionment, carrying into effect an ordinance authorizing a public improvement, facts showing that the ordinance was irregularly passed cannot be shown by affidavit, since they do not bear upon the jurisdiction of the board.

**5. SAME.**

On certiorari to review the action of the board of contract and apportionment, additional facts cannot be set up by affidavit unless such facts cannot be made to appear by means of an order for a further return.

**6. SAME.**

On certiorari to review the action of the board of contract and apportionment carrying into effect a city ordinance, a retrial of the action of the council, on facts not presented to the board, cannot be had without notice to the board that such is to be the proceeding.

Certiorari, on the relation of John Schulz and others, to review the determination of the board of contract and apportionment of the city of Albany in awarding a contract for the construction of a sewer. Confirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUT-NAM, and MERWIN, JJ.

Barnwell Rhett Heyward, for relators.
John A. Delehanty, for respondent.

PARKER, P. J. The certiorari in this matter is issued to the board of contract and apportionment of the city of Albany, and it is the action of that board only which is now brought before us. It appears from the record that the common council of such city had enacted a law requiring the construction of a sewer in Clare avenue, and had served the same upon the clerk of said board. At a meeting of that board, on November 23, 1898, its clerk reported that such law had been passed, and the board thereupon resolved to advertise for proposals for constructing the sewer thereby ordered. At a meeting of the board, on December 5th, two bids were received, and the contract was thereupon awarded to the lowest of such bidders. At a meeting of the board, on December 19th, the relators, who are residents upon the avenue, and who are liable, with others, to be assessed for the expenses incurred thereby, appeared before the board, with counsel, and presented to it written objections against "the execution of any contract for the laying of" the sewer in ques-

tion, upon three grounds specified therein. The board heard argu-
ments on the relators' behalf by their counsel, and in opposition
thereto by the corporation counsel, and thereupon determined to
overrule the objections and execute the contract. It is this determi-
nation that we are asked to review. No question is raised as to the
right of the relators to the writ in question, nor as to the propriety
of issuing the same in such a proceeding.

The objections are based upon the claim that the proceedings of
the common council, in passing the ordinance or law referred to,
were so irregular as to render it invalid. The argument is that, the
law being invalid, the board has no jurisdiction to take any pro-
ceedings to carry it out. There is no provision in the charter, that
I can discover, authorizing any party to require the board to disre-
gard such a law, on the ground that it has been irregularly passed,
and it may be that such board has no authority to inquire into such
matter. Section 3 of title 9 of the charter gives the board charge
of such matters, "under the direction of the common council," and
it is not altogether plain that the board has any power to review
the proceedings of such council or reject any of its ordinances. But,
without deciding that question, it is clear that such review should
not be exercised by the board and an ordinance disregarded, unless
it is made to appear that the irregularities complained of have ac-
tually occurred. Nothing appears in the record before us to show
that any proofs of the alleged irregularities were made or tendered
to the board. In the objections filed, certain irregular modes are
stated to have been followed by the common council in passing the
law, but it is squarely denied in the return that the correctness of
that statement was conceded, and it is not claimed by the relators
that any proof thereof was offered. It cannot be said, therefore, that
the board has committed any error in proceeding as if a valid ordi-
nance was before them.

If such board is to be considered as acting judicially in making
the contract to which the relators object, or in determining whether
the law authorizing and directing it so to do had been regularly
enacted, it was correct, in the absence of proof to the contrary, in
presuming that it was a regular and valid one, and therefore I can-
not discover that it violated any rule of law to the prejudice of the
relators. There was no evidence whatever before it from which it
could have reached any different determination from the one it did
make.

But something more now appears in the record before us than ap-
peared to the board. The return contains a verified statement made
by the clerk of the common council as to the proceedings taken by
it in the enactment of the ordinance in question. Such return neg-
atives all the alleged irregularities charged by the relators, except
in this respect: that the remonstrance which the relators made to
the common council against the passage of such law was referred
to the committee on streets, etc. The date of such reference does
not appear. Such committee gave a hearing to the relators, and
subsequently, on November 22, 1898, at a regular meeting, on mo-
tion of a member of such committee, the law was passed, and all

the members of such committee voted for it. The relators claim that the law was invalid because it was enacted before any report was made by such committee. If we are to determine the authority of the board to make the contract in question upon the facts appearing in this record, rather than upon those appearing before the board, it is sufficient to say that we do not deem this objection well taken. In view of the fact that the law was presented for enactment by one member of the committee, and voted for by all the other members, the omission of a formal report by them, to the effect that they reported against the remonstrance, would not invalidate the law. Their action on the passage of the law was, in effect, a report in its favor, and was sufficient, if the council chose to so consider it.

It is claimed that such proceeding violates section 8 of title 3 of the charter, which forbids any committee to report any decision. upon the same day upon which it is made. It does not appear but that the committee decided against the remonstrance several days before the meeting at which the law was enacted.

Upon the argument it was claimed that this return was incomplete, and that a correct and full report of the proceedings before the common council would show, not only that the report was made in violation of such section, but also would disclose many other irregularities by which the law was rendered invalid, and we were asked to allow affidavits to be read for that purpose. We have no power to allow any affidavit to be read, except for the purpose of establishing some "fact which is essential to the jurisdiction of the body or officer to make the determination to be reviewed." Facts showing that the common council proceeded irregularly do not bear upon the jurisdiction of the board of contract and apportionment to "determine" whether or not it did so proceed. But, even if they did, we should not allow such affidavits to be used, unless we are satisfied that the additional facts "cannot be made to appear by means of an order for a further return." Code Civ. Proc. § 2139. The relators have brought this matter to a hearing without making any application for such an order, and without furnishing us any reasons why an amended return would not furnish all they desire. In short, the relief now asked by the relators is to retry before us the question of the regularity of the proceedings of the common council, upon proofs and upon facts not presented to, or claimed before, the board to which this writ is directed, and their real grievance is based upon the action of the council rather than of the board, and such relief is now asked without any notice whatever to the board that such is to be the proceeding before us. We are of the opinion that the relators are not entitled to such a retrial, and that the determination of the board must be confirmed, with costs against the relators.

Determination of the board of contract and apportionment confirmed, with $50 costs and disbursements. All concur.